**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SEAN BOGLE, as guardian of J.B.K.,**

      **Plaintiffs,**

v.                                                         Case No:   6:14-cv-670-Orl-22GJK

**CLIFFORD INVESTMENTS, LLC and**
**ELAINE HIGGINS,**

      **Defendants.**

___

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANT HIGGINS' MOTION FOR ORDER REQUIRING RELEASE OF DCF RECORDS FOR IN CAMERA REVIEW (Doc. No. 65)**
>
> **FILED:**       **April 10, 2015**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.    BACKGROUND.**

This case arises from the near drowning of a minor child, J.B.K., on or about January 19, 2014, at a home located at 5016 Ferncrest Drive, Winter Park, Florida, which is owned by Clifford Investments, LLC ("Clifford Investments") and managed by Elaine Higgins ("Higgins")

(collectively, the "Defendants"). Doc. Nos. 71 at ¶¶ 6-10, 13. This action is brought by Sean Bogle (the "Plaintiff") as the court appointed temporary guardian of J.B.K. Doc. No. 79 at ¶ 3.[1]

On April 1, 2014, Jeffrey Kaiser and Bonnie Brandt, who are J.B.K.'s parents, as well as Bruce Kaiser, as the grandfather and legal guardian of J.B.K., (collectively, the "Former Plaintiffs") filed a complaint in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida against Defendants. Doc. No. 11-1 at 1-9. In the complaint, the Former Plaintiffs raise two causes of action against the Defendants – negligence (Count I) and loss of parental consortium (Count II). Doc. No. 11-1 at 7-9. The Former Plaintiffs allege that the Defendants owned and managed the home at issue. The Former Plaintiffs maintain that Defendants orally agreed to lease the home at issue to Jeffrey Kaiser for a term of less than one year in exchange for Jeffrey Kaiser performing unspecified work on the home. Doc. No. 11-1 at 4. The Former Plaintiffs contend that Defendants refused to install a baby-gate or fence around the swimming pool on the property. Doc. No. 11-1 at 5-6. Due to the Defendants alleged failure to install a gate or fence around the pool, the Former Plaintiffs allege that on January 19, 2014, J.B.K. fell into the pool, suffering catastrophic injuries (hereinafter, the "Accident"). Doc. No. 11-1 at 6-8.[2] On May 12, 2014, on the basis of diversity jurisdiction, Defendants removed the action to this court. Doc. No. 11.[3]

---

[1] On April 29, 2015, Florida's Eighteenth Circuit Court in and for Seminole County, Florida, appointed Plaintiff as the emergency temporary guardian of J.B.K.'s property. Doc. No. 77 at 2. On July 21, 2015, a hearing was scheduled in that court regarding Plaintiff's appointment as permanent guardian. Doc. No. 77 at n.1. To date, no party has advised the court as to the status of that hearing. Nevertheless, the Second Amended Complaint was filed filed by Plaintiff on July 8, 2015 and he is the sole remaining plaintiff in this case. Doc. No. 79.

[2] At the time of the Accident, the Former Plaintiffs allege that Jeffrey Kaiser and Bonnie Brandt had their three minor children at the home, but Jeffrey Kaiser was in the master bedroom and Bonnie Brandt was in the kitchen. Doc. No. 11-1 at 6.

[3] Clifford Investments is an Indiana corporation. Doc. No. 11 at 2. Ms. Higgins has also filed an affidavit wherein she avers that she is a citizen of Indiana. Doc. No. 23 at 3. On July 14, 2014, this court entered an order finding that the Defendants are both citizens of Indiana. Doc. No. 28.

On September 26, 2014, the Former Plaintiffs filed an amended complaint asserting the following claims against Defendants: negligence (Counts I and III); and negligence *per se* (Counts II and IV).  Doc. No. 41.[4]  On December 19, 2014, this court entered an order dismissing with prejudice the Former Plaintiffs' negligence *per se* claims for failure to state a claim upon which relief may be granted.  Doc. No. 47 at 1-7.  The court found that Defendants' arguments with respect to the Former Plaintiffs' negligence claims (Counts I and III) "would be better addressed at summary judgment."  Doc. No. 47 at 6.

### A. The Motion and The Response.

On April 10, 2015, Higgins filed a Motion for Order Requiring Release of [Florida Department of Children and Families] Records for In Camera Review (the "Motion").  Doc. No. 65.  In the Motion, Higgins requests that the court order the Florida Department of Children and Families ("DCF"), a non-party, to produce all of its records relating to the Accident for an *in camera* review, pursuant to Section 39.202(2)(f), Florida Statutes, and then determine which, if any, of those records Higgins is entitled to discover in this action.  Doc. No. 65 at 2-3.  Higgins states that DCF's records "are directly relevant to what occurred on the day in question and whether [the Former Plaintiffs] were adequately supervising J.B.K. at the time," and "[t]he records may include witness statements, photographs, and other relevant material."  Doc. No. 65 at 2.

On April 24, 2015, the Former Plaintiffs filed a response (the "Response"), arguing that the Motion should be denied because Higgins' request is too ambiguous and because Higgins has access to the same information that DCF had access to during its investigation, *i.e.*, the police

---

[4] Thus, in the amended complaint the Former Plaintiffs abandoned Jeffrey Kaiser and Bonney Brandt's loss of consortium claims.  *Compare* Doc. Nos. 11-1 at 7-9 *with* Doc. No. 41 at 1-14.

investigation and emergency medical records relating to the Accident.  Doc. No. 70 at 1-3.  The Motion was served on DCF, but it did not file a response.  Doc. No. 65 at 6.

### B. The Second Amended Complaint.

On July 6, 2015, the Former Plaintiffs filed a motion for leave to file a second amended complaint, substituting the Plaintiff, Sean Bogle, in the place of the Former Plaintiffs.  Doc. No. 77.  On July 7, 2015, the court granted the motion for leave to amend, and on July 8, 2015, Plaintiff filed the second amended complaint (the "Complaint").  Doc. Nos. 78-79.  In the Complaint, Plaintiff asserts negligence claims (Counts I and II), respectively, against the Defendants.  Doc. No. 79 at 3-8.  Thus, the Former Plaintiffs are no longer parties to this action.  Doc. No. 79.[5]  Discovery closes in this case on November 17, 2015.  Doc. No. 87.

## II.   ANALYSIS.

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1) (emphasis added).

### A. Florida Law Governs.

With respect to matters that may be protected by an assertion or claim of privilege, Rule 501, Federal Rules of Evidence, provides that in diversity cases "state law governs privileges regarding a claim or defense for which state law supplies the rule of decision."  *Id*.  Thus, "Rule 501 . . . provides that Florida law of *privilege* governs in a federal diversity suit," in which Florida substantive law provides the rule of decision with respect to the claims or defenses arising under Florida law.  *Auto Owners Ins. Co. v. Totaltape, Inc*., 135 F.R.D. 199, 201 (M.D. Fla. 1990) (emphasis in original).  *See also Sirmans v. City of South Miami*, 86 F.R.D. 492, 494 (S.D. Fla.

---

[5] The Plaintiff is represented by the same counsel that represented the Former Plaintiffs.  *See* Doc. Nos. 41 at 14; 79 at 8.

1980) ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision . . . shall be determined in accordance with state law.").

In the Motion, Higgins first requests that the court compel DCF to produce its investigation file related to the Accident, specifically, DCF Case No. 201400000495, to the court under seal for an *in camera* inspection. Doc. No. 65 at 2-3. Section 39.202(1), Florida Statutes, provides:

> In order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records held by [DCF] concerning reports of child abandonment, abuse, or neglect, including reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by this chapter. Such exemption from s. 119.07(1) applies to information in the possession of those entities granted access as set forth in this section.

Fla. Stat. § 39.202(1) (2015). Through Section 39.202(1), Florida has substantively protected from public disclosure all reports concerning child abandonment, abuse or neglect for the benefit of the child, the child's parents and/or those legally responsible for the child. *Id*. Thus, DCF's investigation into the Accident is generally exempt from public disclosure under Florida law. *Id*.

In *Sheffield v. State Farm Fire and Cas. Co*., 2014 WL 6617255, at *1-3 (S.D. Ga. Nov. 21, 2014), the court was presented with a somewhat analogous state law protecting certain information from public disclosure. In S*heffield*, which was a diversity action under Georgia law, the plaintiff moved to compel the production of information from the Georgia Bureau of Investigation (the "GIB"), a nonparty, related to one of its investigations. *Id*. at *1. The court found that Georgia statutes, rules of evidence, and case law provide a general governmental privilege against disclosure of certain state information and protect certain state records from public disclosure, which, if applicable, would preclude the court from granting the motion to

compel. *Id*. at *2-3. Pursuant to Rule 501, Federal Rules of Evidence, the court determined that it must apply Georgia's state law of privilege to the discovery sought in the motion to compel and, after doing so, the court denied the motion to compel. *Id*.

Based on the forgoing, the court finds that Section 39.202(1), Florida statutes provides a substantive privilege or otherwise protects specific information from public disclosure and, therefore, pursuant to Rule 501, Federal Rules of Evidence, the court must apply Florida law when determining the merits of the Motion.

### B. Section 39.202(2)(f).

Section 39.202(2)(f), Florida Statutes, provides an exception to the general prohibition on the release of DCF's records, stating:

> A court upon its finding that access to such records may be necessary for the determination of an issue before the court; however, such access shall be limited to inspection in camera, unless the court determines that public disclosure of the information contain therein is necessary for the resolution of an issue then pending before it.

Fla. Stat. § 39.202(2)(f) (2015). Pursuant to subsection (f), a court may order production of DCF records, limited to an *in camera* inspection, if the court finds "that access to such records <u>may be necessary</u> for the determination of an issue before the court." *Id*. (emphasis added). However, after its review, the court may not permit public disclosure of the information "unless the court determines that public disclosure [of the same] <u>is necessary for the resolution of an issue then pending before it</u>." *Id*. (emphasis added).

A plain reading of the statute calls for a two-step process, with a more onerous standard applying at the second step. At the first step, the court may order DCF to produce its records, but only for an *in camera* inspection by the court, if it finds that the records "may be necessary" for the determination of some issue before the court. *Id*. Importantly, at the first step, the statute

contemplates only an *in camera* review by the court. *Id*. At the second step, public disclosure of information is prohibited unless the court finds such disclosure "is necessary for the resolution of an issue then pending before it." *Id*. Thus, both steps focus on necessity, with the first step requiring only possible necessity to trigger an *in camera* review and the second step requiring a definitive finding of actual necessity for resolution of an issue pending before the court before public disclosure may be permitted. *Id*.

A review of the case law on this issue reveals a dearth of authority. *See Dep't of Children and Family Servs. v. Patterson*, 925 So. 2d 337, 339 (Fla. 2d DCA 2005) (before court conducts *in camera* inspection for relevancy, parties and counsel may not review records without a protective order); *Silas v. City of Jacksonville*, Florida, No. 3:08-cv-854-J-25HTS, 2008 WL 5142917, at *1-2 (M.D. Fla. Dec. 5, 2008) (assuming that Section 39.202(2)(f) applies in federal proceeding, but declining to conduct *in camera* review to without a more narrowly tailored motion); *Elders v. State*, 805 So. 2d 925 (Fla. 2d DCA 2001) (ordering trial court on remand to conduct *in camera inspection* where defendant came forth with evidence that records contain potentially exculpatory evidence); *R.K. v. Kanaski*, 426 F. Supp. 2d 1290, 1295-96 (S.D. Fla. 2006) (admitting evidence at summary judgment stage on basis of findings made under Section 39.202(2)(f) and finding, in the alternative, that Florida's confidentiality laws do not give rise to a federally cognizable evidentiary privilege); *A.S. v. McNair*, No. 8:05-cv-1198-T-23EAJ, 2006 WL 4821450, at *1-2 (M.D. Fla. Nov. 22, 2006) (after *in camera* inspection, permitting release of certain records but subject to a protective order).

The most analogous case to the present issue is *Silas*, 2008 WL 5142917, at *1-2 (M.D. Fla. Dec. 5, 2008). There, the plaintiff sought to recover damages against the City of Jacksonville, DCF, and others for injuries allegedly sustained by the plaintiff's minor son while in DCF's

custody.  *Id*. at *1.  The City of Jacksonville filed a motion for disclosure of "any and all records and other information obtained, created or compiled by DCF and its agent" while the minor child was in DCF's care and custody.  *Id*.  The basis for the motion was that such records, while confidential under Florida law, were directly relevant to the claims and defenses at issue in the case.  *Id*.  DCF did not oppose the motion, but, pursuant to Section 39.202(2)(f), Florida Statutes, argued that the court should first conduct an *in camera review* of the records to determine if good cause exists for their public disclosure.  *Id*.  In the alternative, the movants requested the court "'conduct an *in camera* review of the requested records and order disclosure of such information as is determined to be relevant to the issues raised in this action or reasonably calculated to lead to the discovery of admissible evidence[.]'"  *Id*. (quoting the motion).

The court denied the motion without prejudice.  *Id*.  The court found, pursuant to 39.202(2)(f), there was no basis under Florida law for the court compel release of the confidential information directly to a party in the action.  With respect to the alternative request for relief, which is essentially identical to Higgins' request in the instant Motion, the court found as follows:

> Section 39.202(2)(f), Florida Statutes, provides that confidential information is only to be released to "[a] court upon its finding that access to such records may be necessary for the determination of an issue before" it.  Interpreting this language too broadly would "mean ... that a litigant in a judicial proceeding ... could gain access to department records by having the court engage in a general search of all of the department's records in a matter [.]" *Elders v. State of Florida*, 849 So. 2d 331, 332 (Fla. Dist. Ct. App. 2003).  Movants' proposal, which would require the Court to sift through potentially voluminous records with the general goal of identifying all information contained therein that may be relevant to this litigation, is therefore rejected.

*Silas*, 2008 WL 5142917, at *1 (M.D. Fla. Dec. 5, 2008).  Thus, the court denied the alternative request, declining to accept the records for an *in camera* inspection and to comb through them hoping to find any and all information that may be relevant in the action.  *Id*.  The court's ruling

was "made without prejudice to the future submission of a more narrowly tailored motion which . . . would include proposed language for an agreed protective order."  *Id*. at *2.

Upon consideration of the plain language of Section 39.202(2)(f) and the relevant case law, the court finds that Higgins has failed to meet her burden at either step under Section 39.202(2)(f). Doc. No. 65.  In the Motion, Higgins' primary argument is that DCF's records may contain information that is relevant to this case.  Doc. No. 65 at 2, 4; *see also supra* p. 3.  However, that is not the correct standard under Section 39.202(2)(f).  *See supra*. pp. 6-8.  Higgins has failed to show why or how DCF's records may be <u>necessary</u> to resolve an issue in this case.  Fla. Stat. § 39.202(2)(f) (2015); Doc. No. 65.  Instead, Higgins simply speculates that DCF's records may contain relevant information and invites the court to conduct an *in camera* review to determine what, if any, discoverable information is contained therein, and to release the same to the parties. Doc. No. 65 at 2, 4.  Higgins' broad invitation for the court to sift through DCF's records is similar to what was proposed in the *Silas* case, with the general goal of the court's review being to identify all information contained therein that may be relevant to the action.  *See Silas*, 2008 WL 5142917, at *1 (M.D. Fla. Dec. 5, 2008).  Before the court will order DCF to produce its records for an *in camera* inspection, Higgins must: 1) file a narrowly tailored motion, seeking specific information or categories of information that may be contained in DCF's records; and 2) most importantly, articulating why the information is relevant, non-cumulative, and may be <u>necessary</u> for the resolution of a specific issue pending before the court.  *See supra* pp 6-8.

### III.  <u>CONCLUSION</u>.

Based on the forgoing, it is hereby **ORDERED** that the Motion (Doc. No. 65) is **DENIED**.

- 10 -

      **DONE** and **ORDERED** in Orlando, Florida on September 2, 2015.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties